IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSEPH D. TOTMAN,

                        Plaintiff,                                ORDER

    v.

                                                                     14-cv-118-jdp

CAROLYN W. COLVIN,
Commissioner of the Social
Security Administration,

                        Defendant.

---

       Plaintiff Joseph D. Totman seeks judicial review of a final decision of the Commissioner of Social Security finding him not disabled within the meaning of the Social Security Act. The ALJ found plaintiff not disabled because plaintiff's alcohol abuse was a contributing factor material to his disability. For reasons stated more fully at the oral argument on March 10, 2015, the court will deny plaintiff's motion for summary judgment and affirm the Commissioner's decision.

       Plaintiff contends that the Appeals Council did not properly apply SSR 13-2p, a new ruling about the evaluation of cases in which the claimant's drug addiction and alcoholism (DAA) may be a contributing factor material to a determination of disability. The effective date of SSR 13-2p is March 22, 2013—after the ALJ decision but before review by the Appeals Council. Although the ALJ did not have the benefit of SSR 13-2p, the ruling consolidates and explains existing regulations but did not change them. At the hearing, plaintiff acknowledged that the ALJ's decision addressed whether plaintiff's DAA was a contributing factor material to his disability, thus following the applicable regulations as well as the underlying logic of SSR 13-2p.

Plaintiff's brief also argued that SSR 13-2p effectively requires the ALJ to support his determination of materiality of DAA with medical opinion evidence. But at the hearing, plaintiff acknowledged that he had based his argument on question 6 of SSR 13-2p, which addresses claimants with DAA and a coexisting *physical* impairment. Question 7 addresses coexisting *mental* impairments, and it thus provides the guidance pertinent to plaintiff's case. The answer to question 7 indicates that medical opinion evidence is not decisive on the issue of materiality of DAA in cases of co-existing mental impairments. As the parties agreed at the hearing, in cases of coexisting mental impairments, the ALJ is to consider the record as a whole to determine whether plaintiff would be disabled if not for his DAA. The ALJ followed that approach in this case.

Plaintiff's final argument is that the ALJ erred by discounting the opinion of Dr. William Bucknam, who had opined in a two-sentence letter that plaintiff would have the same difficulties sustaining employment even without his alcohol use because of his bipolar disorder, social anxiety disorder, and posttraumatic stress disorder. R. 416. But the ALJ gave good reasons for discounting Dr. Bucknam's opinion. The ALJ also found that Dr. Bucknam's opinion was inconsistent with plaintiff's treatment history, treatment notes from plaintiff's primary care provider, and Dr. Bucknam's opinion given five weeks earlier that plaintiff's DAA was material to his work limitations. R. 414-15. At the hearing, plaintiff gave several reasons why Dr. Bucknam's earlier opinion should have been discounted, including that it was produced in haste, that it was outside Dr. Bucknam's expertise, and that he did not know what "material" meant in the context of disability law. But plaintiff's argument actually buttressed the ALJ's conclusion that Dr. Bucknam's determination of whether plaintiff's DAA was material to his work limitations was an opinion entitled to little weight.

The ALJ's thorough written decision demonstrates that he carefully reviewed the record, and he addressed the materiality issue in four full single-spaced pages. The ALJ provided four well-supported reasons for his conclusion that plaintiff's DAA was material to his disability: (1) plaintiff was non-compliant with recommended treatment for his coexisting mental impairments (R. 25); (2) plaintiff's reports concerning periods of sobriety were not credible (R. 26); (3) plaintiff had a history of work that, although not full-time work, nevertheless suggested that he was capable of sustained effort and concentration (R. 26); and (4) the credible medical opinion evidence was consistent with the conclusion that plaintiff's DAA was material to his work limitations. (R. 27).

IT IS ORDERED that:

1. Plaintiff's motion to file a corrected brief, Dkt. 28, is DENIED for reasons stated at the hearing.
2. The decision of defendant Carolyn W. Colvin, Commissioner of Social Security, denying plaintiff Joseph D. Totman's application for disability benefits is AFFIRMED and plaintiff Joseph D. Totman's appeal is DISMISSED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered March 12, 2015.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge